HARVARD LAW SCHOOL LIBRARY

## MATTER OF PIE.

*Supreme Court, First District; At Chambers, February, 1860.*

INSOLVENT'S DISCHARGE.——DEMAND ARISING ON CONTRACT.

An insolvent is not entitled to his discharge from an indebtedness which arose from his embezzlement of money and evidences of debt, which came to his possession as a clerk in the course of his employment as such; but this must be clearly shown; the mere statement in the petition that the demand arose when he was clerk of the creditors, for money, &c., which he had in his possession, and did not account for, and appropriated to his own use,—is not sufficient ground for denying the discharge.

Application for a discharge in insolvency.

LEONARD, J.—It appears exceedingly probable that the demand of the creditors of this insolvent arises from an embezzlement by him as a clerk, of the money, &c., of his employers.

It is open to the parties respectively to establish, whether the demand in question does or does not arise on contract, and also for the petitioner to prove, if such is the fact, that the creditors have waived the tort. · Had it unquestionably appeared from the petition that the insolvent had the evidences of debt, &c., of his employers in his possession *as their clerk* at the time he appropriated them, it would have then been established by his own admission that this claim did not arise on contract, in my opinion.

He says the demand was contracted at a time when he was a clerk of the creditors, for money and evidences of debt which he had in his possession, and did not account for, and appro-

priated to his own use. Had he admitted that the funds came to his possession as *such clerk in the course of his employment*, I think he would have made a clear case against himself. His admission falls a little short of it. There is enough stated to render such a cause probable, but not conclusive.

If the funds came to the possession of the insolvent in the course of his employment, as clerk of the creditors, he was bound to deliver to them the same evidences of debt, with which he had been intrusted, or the specific proceeds thereof. If he failed to do so it was a statute crime, and by the civil law is a tort. It would not, in such case, be a contract. There would be no *consent* on the part of the creditors; and consent, is an essential element of a contract.

In this aspect (if true), the case differs from Walter *a*. Bennett (16 *N. Y. R.*. 250), because in that case there was no obligation to deliver to the plaintiffs the check in question, or the *specific* proceeds thereof. The defendant in that case had the legal right to do just what he did. If he had been sued for refusing to pay over money received in a fiduciary capacity, the plaintiff would not have been nonsuited. The plaintiff failed in that action because he claimed a wrongful conversion arising from the deposit by the defendant to his own credit in bank of the proceeds of a check received in payment for property sold by the defendant as the factor or agent of the plaintiff. The plaintiff claimed in that suit the specific proceeds of the check, and that the failure to deliver such proceeds to him was a wrongful conversion.

I do not think the discharge of the insolvent can at present be denied on the ground which has been here discussed.

I omit to discuss the other questions raised on behalf of the creditors, but shall, for the purposes of this motion, hold them to be untenable.

The creditors are entitled to an examination of the insolvent, and for that purpose he must procure the proper order to enable the examination to be had, by causing the sheriff to produce him in court for that purpose.